Filed 12/23/25  Doe v. Lawyers for Employee and Consumer Rights CA2/6
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LAWYERS FOR EMPLOYEE AND CONSUMER RIGHTS, APC et al.,<br><br>    Defendants and Appellants. | 2d Civ. No. B330052<br>(Super. Ct. No. 56-2022-00573119-CU-WT-VTA)<br>(Ventura County)<br><br>OPINION ON TRANSFER FROM SUPREME COURT |

Lawyers for Employee and Consumer Rights, a professional corporation; Robert Byrnes; Sabrina Sanders; and Daniel Sorenson (collectively LFECR) appeal a superior court order denying their motion to compel arbitration of the employment dispute lawsuit Jane Doe filed against them.  In our prior decision, we concluded that LFECR may not reinstate the prior arbitration proceeding that was dismissed because it failed to

timely pay arbitration fees required by Code of Civil Procedure section 1281.97, subdivision (a)(1).[1]  We affirmed.

On November 19, 2025, our Supreme Court transferred this matter to us and ordered us to vacate our decision and reconsider the cause in light of *Hohenshelt v. Superior Court* (2025) 18 Cal.5th 310.  In compliance with that order, we now vacate our prior decision, reverse the trial court's order, and remand to the trial court with instructions.

FACTS

Doe was a former employee of LFECR.  She entered into an employment agreement that contained an arbitration provision. It provided, among other things, that all disputes regarding her employment be resolved by binding arbitration subject to the Federal Arbitration Act "with a duly authorized representative of the American Arbitration Association ('AAA') in accordance with AAA's procedures."  Doe claimed she was wrongfully terminated.

On February 25, 2022, Doe filed a demand for arbitration with AAA.

AAA sent notices to the parties that arbitration fees must be paid.  One notice to LFECR stated, " 'As this arbitration is subject to California Code of Civil Procedure [section] 1281.97, payment must be received by April 13th, 2022 or the AAA will close the parties' case.' "

LFECR owed AAA fees in the amount of $1,950, which were due by October 2, 2022.  AAA sent notice to LFECR that its payment was due within 30 days as required by section 1281.97; and if payment was not made by that date, then AAA would close its case.

---

[1] All statutory references are to the Code of Civil Procedure.

LFECR did not pay the fees by the 30-day due date. It sent in the payment seven days after the deadline.

On October 13, 2022, Doe informed AAA and LFECR that she was exercising her statutory right under section 1281.97 to withdraw her claims from arbitration and proceed in court.

On December 9, 2022, Doe filed a complaint for damages in the Ventura County Superior Court against LRECR for wrongful termination and other causes of action.

LFECR filed a motion to compel arbitration.

The trial court denied the motion and imposed sanctions against LFECR pursuant to sections 1281.97, subdivision (d), and 1281.99, subdivision (a). It ruled, among other things, that section 1281.97 applied; LFECR did not timely pay the arbitration fees required by the statute; Doe had the right to withdraw from the arbitration proceeding and proceed in court; and "[s]ection 1281.97 is [n]ot [p]reempted by the FAA." (Italics omitted.)

## DISCUSSION

### *Section 1281.97*

California law mandates that the party who drafts an arbitration agreement has a duty to timely pay arbitration fees or face dismissal of the arbitration proceeding. Section 1281.97, subdivision (a)(1) provides: "In an employment or consumer arbitration that requires, either expressly or through application of state or federal law or the rules of the arbitration provider, the drafting party to pay certain fees and costs before the arbitration can proceed, *if the fees or costs to initiate an arbitration proceeding are not paid within 30 days after the due date the drafting party is in material breach of the arbitration agreement,*

3.

is in default of the arbitration, *and waives its right to compel arbitration* under Section 1281.2."  (Italics added.)

In *Hohenshelt v. Superior Court, supra,* 18 Cal.5th 310, our Supreme Court held: 1) This statute is not preempted by the Federal Arbitration Act (*Hohenshelt,* at p. 332); but 2) the arbitration agreement drafter's failure to timely pay arbitral fees may be excused and it may be entitled to "relief from forfeiture where nonperformance is not willful, fraudulent, or grossly negligent" (*id.* at p. 341).  Because LFECR is entitled to make a showing seeking relief from forfeiture, we reverse the trial court's order.

DISPOSITION

The order is reversed.  The matter is remanded to the trial court "for consideration of whether [LFECR] may be excused for its failure to timely pay arbitration fees" (*Hohenshelt v. Superior Court, supra,* 18 Cal.5th at p. 349) and to proceed consistent with the *Hohenshelt* decision.  Costs on appeal are awarded in favor of appellants.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P. J.

We concur:

YEGAN, J.          BALTODANO, J.

4.

Mark S. Borrell, Judge

Superior Court County of Ventura

_____

Law Office of Jon Borderud and Jon Borderud for Defendants and Appellants Lawyers for Employee and Consumer Rights, Robert Byrnes, Sabrina Sanders and Daniel Sorenson; Employees Law Center, Kenneth Myers for Defendants and Appellants Lawyers for Employee and Consumer Rights, Robert Byrnes and Sabrina Sanders.

Anticouni & Ricotta, Nicole K. Ricotta, Bruce N. Anticouni and Heather A. Quest for Plaintiff and Respondent Jane Doe.